UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENT ADAM JAMES,

                Petitioner,

     -versus-

UNITED STATES OF AMERICA,

                Respondent.

No. 18 Civ. 10389

No. 97 Cr. 185

ORDER

LORETTA A. PRESKA, SENIOR UNITED STATES DISTRICT JUDGE:

    Before the Court are Petitioner Kent Adam James' June 24, 2016 motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 based on an intervening change in controlling law and his March 25, 2019 amendment of that motion. (See dkt. nos. 11, 18.)[1]  For the reasons set forth below, Mr. James' motion is DENIED.

### I. Background

    The Court assumes the parties' familiarity with the facts of the case and will only give a high-level overview of pertinent background information.  A jury convicted Mr. James in this Court in 1998 for (1) manufacturing firearms (grenades and other bombs), violating 26 U.S.C. § 5861(f); (2) manufacturing firearms without a license, violating 18 U.S.C § 922(a)(1)(A); (3) being a felon in possession of a firearm, violating 18

---

[1] All docket cites in this opinion, unless noted otherwise, shall refer to the docket in 18 Civ. 10389.

1

U.S.C. § 922(g)(1); (4) possessing a non-registered firearm (pipe bomb), violating 26 U.S.C. § 5861(d); and (5) possessing C-4 explosives violating 18 U.S.C. § 842(i)(1).  Then-District Judge Sonia Sotomayor sentenced Mr. James to an aggregate 365-month term of imprisonment.  (See dkt. no. 74 in 97 Cr. 185-2 (S.D.N.Y. Aug. 21, 1998).)  Mr. James' conviction and sentence were affirmed on appeal and sustained during two rounds of collateral review.  See United States v. Davis, 181 F.3d 83 (2d Cir. 1999); James v. United States, No. 00 Civ. 8818 (S.D.N.Y. Aug. 20, 2002), No. 02-2645 (2d Cir. Feb. 18, 2003); James v. United States, No. 08-0185-op (2d Cir. Feb. 15, 2006) (order denying leave to file a successive habeas petition).  Now Mr. James has petitioned the Second Circuit for leave to file a second or successive § 2255 petition in this Court.  The Second Circuit granted the motion because Mr. James "made a prima facie showing that the requirements of § 2255(h) [were] satisfied." James v. United States, No. 16-2308 (2d Cir. Jan. 13, 2017).[2]

II.  **Relevant Law**

A petitioner seeking a second or successive § 2255 motion in a district court must "first obtain[] an order from the court of appeals authorizing consideration of the successive motion." Vu v. United States, 648 F.3d 111, 113 (2d Cir. 2011) (citing 28

---

[2]  The Second Circuit stayed the habeas proceedings pending decisions in Beckles v. United States, 136 S. Ct. 2510 (2016), and United States v. Jones, 878 F.3d 10 (2d Cir. 2017).

2

U.S.C. § 2255(h)).  To grant such authorization, the court of appeals "must determine whether the application makes a prima facie showing that it satisfies the second habeas standard." Tyler v. Cain, 533 U.S. 656, 664 (2001) (internal quotation marks and brackets omitted).  This prima facie finding, however, is "not a finding that [the petitioner] actually satisfied those requirements."  Massey v. United States, 895 F.3d 248, 251 (2d Cir. 2018).

After a petitioner obtains leave from the Court of Appeals, "the district court must dismiss any claim presented in an authorized second or successive application unless the applicant shows that the claim satisfies certain statutory requirements." Magwood v. Patterson, 561 U.S. 320, 331 (2010).  Under the statute, "a successive § 2255 motion is only permissible if it contains a claim that relies on a 'new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'"  Massey, 895 F.3d at 249-50 (citing 28 U.S.C. § 2255(h)(2)).  If a successive § 2255 motion "fails to satisfy those threshold requirements, [the court] need not reach the merits of [the petitioner's] claim."  Id. at 251 (citing 2255(h)).

**III.   James' Petition**

Mr. James raises two primary arguments in his motion as to why he satisfies § 2255(h)(2)'s threshold requirements.  First,

3

Mr. James argues the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015), is an intervening change in constitutional law, germane to his conviction, which satisfies the gatekeeping provision of § 2255(h)(2). (See dkt. no 11 at 22.)  Second, Mr. James claims the Supreme Court's ruling in Rehaif v. United States, 139 S. Ct. 2191 (2019), entitles him to relief under § 2255.[3] (See dkt. nos. 18 at 4, 26 at 3.) Separate from his § 2255 arguments, Mr. James also contends the All Writs Act, pursuant to 28 U.S.C. § 1651, is an alternative source of relief for his claim. (See dkt. nos. 18 at 5, 26 at 4.)  All three of these arguments fail.

**1. Johnson v. United States**

Mr. James relies on Johnson as the basis of his successive petition to satisfy the requirements of 28 U.S.C. § 2255(h)(2). (See dkt. no. 11 at 14.)  The Supreme Court held in Johnson that a residual clause defining a "violent felony" in the Armed

---

[3] The Government argues that James' amending his petition is barred procedurally because it is not within the scope of the Second Circuit's mandate. (See dkt. no. 23 at 4.)  The Second Circuit's mandate states "[t]he court of appeals must examine the successive application to determine whether it contains any claim that satisfies § 2255(h). If so, the court should authorize the prisoner to file the entire application in the district court, even if some of the claims in the application do not satisfy the applicable standards." James v. United States, No. 16-2308 (2d Cir. Jan. 13, 2017) (dkt. no. 42) (internal ellipses and brackets omitted) (quoting United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003)).  As such, this Court finds that Mr. James' amendment is authorized under the Second Circuit's mandate because the Second Circuit has already identified a sufficient prima facie claim; it need not identify a second.

Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(2)(B), was "unconstitutionally vague." 135 S. Ct. at 2557. Although Mr. James was not sentenced under the ACCA, he contends that Johnson applies to his case because, at sentencing, Mr. James' base offense level was increased by two levels pursuant to U.S.S.G. § 2K2.1, as he had previously sustained at least two felony convictions for crimes of violence. (See dkt. no. 15 at 37.) The definition of "crime of violence," referenced in U.S.S.G. § 2K2.1, is set forth in U.S.S.G. § 4B1.2 — which is part of a broader Career Offender Guideline. At the time of Mr. James' sentence, section 4B1.2 had an "identically worded" residual clause as the "unconstitutionally vague" residual clause in the ACCA. Beckles v. United States, 137 S. Ct. 886, 890 (2017). Mr. James' 1998 sentence was under "the presumptively binding pre-Booker Sentencing Guidelines." Nunez v. United States, 954 F.3d 465, 467 (2d Cir. 2020) (citing United States v. Booker, 543 U.S. 220 (2005)).

Mr. James appears to argue that the Supreme Court's Johnson ruling that the residual clause of the ACCA is unconstitutionally vague applies to the residual clause of U.S.S.G. § 4B1.2 and his pre-Booker sentence therefore violates his due process right. The Second Circuit recently held, however, that "Johnson did not itself render the residual clause of the pre-Booker Career Offender Guideline unconstitutionally

5

vague." Nunez, 954 F.3d at 467. Rather, such a right is "yet to be recognized." Id. Because "Johnson did not itself render the residual clause of the mandatory Career Offender Guideline vague, as required for Section 2255 purposes," id. at 469, Mr. James' cannot use Johnson as the basis for his successive § 2255 petition to satisfy the requirements of 28 U.S.C. § 2255(h)(2).

In addition, despite his filing the petition within one year of the Johnson ruling, Mr. James cannot use Johnson as a hook to satisfy the one-year statute of limitations for his § 2255 claim.[4] Mr. James' Johnson claim would satisfy the statute of limitations "only if it had been filed within one year of the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Nunez v. United States, No. 16 Civ. 4742 (LAK), 2018 WL 2371714, at *2 (S.D.N.Y. May 24, 2018), aff'd, 954 F.3d 465 (2d Cir. 2020) (internal quotation marks omitted); see also Nunez 954 F.3d at 471 (a section 2255 motion based on Johnson, "may only be considered timely if the right [the petitioner] asserts was in fact

---

[4]  Section 2255 has a one-year statute of limitations, which starts to run on the latest of four possible dates. The only relevant date for Mr. James is the "date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Nunez, 954 F.3d at 469 (quoting 28 U.S.C. § 2255(f)(3)).

6

recognized in Johnson"). However, "[b]ecause Johnson has not recognized the right [the petitioner] asserts," Nunez 954 F.3d at 471, Mr. James has no way to satisfy the § 2255 statute of limitations. Mr. James' claim therefore fails.

**2. Rehaif v. United States**

Mr. James also appears to rely on Rehaif as the basis of his successive § 2255 petition to satisfy the requirements of 28 U.S.C. § 2255(h)(2). (See dkt. no. 18 at 1.) In Rehaif the Supreme Court held that to obtain a conviction under 18 U.S.C. § 922(g) "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.

The decision in Rehaif, however, "concerned statutory interpretation and did not announce a new rule of constitutional law." Pena v. United States, No. 19-3616 (2d Cir. Dec. 2, 2019) (dkt. no. 18) (order denying leave to file a successive § 2255 motion) (citing In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019); United States v. Class, 930 F.3d 460, 469 (D.C. Cir. 2019)). Because Rehaif did not announce a new rule of constitutional law, Mr. James cannot use Rehaif as the basis for his successive § 2255 petition to satisfy the requirements of 28 U.S.C. § 2255(h)(2).

### 3. All Writs Act

Mr. James also invokes the All Writs Act, 28 U.S.C. § 1651, as an alternative source of relief. "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute . . . . [W]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Legrano v. United States, 513 Fed.Appx. 6, at *6 (2d. Cir. 2013) (quoting Pennsylvania Bureau of Correction v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985)).

Mr. James is challenging his conviction as a federal prisoner, and "the relief he seeks is covered by statute; to wit, 28 U.S.C. § 2255." Id. at *7. The All Writs Act is, therefore, not available as an alternative means for relief for Mr. James. This conclusion "is not undermined by the fact that any [] section 2255 motion filed by [the petitioner] must satisfy the threshold requirements applicable to second or successive section 2255 motions." Id.

### 4. Other Arguments

Finally, Mr. James raises several other legal arguments attacking the merits of his conviction, which include: (1) challenging the reasonableness of his sentence; (2) contesting that he does not have two prior robbery convictions; and (3) asserting that the Shepard documents for his prior convictions

8

are incomplete.  (See dkt. nos. 11, 17, 18, 26.)  Because Mr. James has not met the threshold requirements needed to open the door for an analysis of the merits of his motion, the Court need not examine these arguments.  See Massey v. United States, 895 F.3d 248, 251 (2d Cir. 2018) ("[the Court] must first evaluate whether [the petitioner's] successive § 2255 motion satisfies the statutory requirements governing successive habeas petitions; if the motion fails to satisfy those threshold requirements, we need not reach the merits of his claim"); see also Magwood v. Patterson, 561 U.S. 320, 331 (2010) ("the district court must dismiss any claim presented in an authorized second or successive application unless the applicant shows that the claim satisfies certain statutory requirements"). Nevertheless, the Court has considered Mr. James's contentions and finds them unavailing for the reasons set forth in the Government's opposition.  (See dkt. no. 15 at 5-9.)

Mr. James' motion as amended, therefore, fails to meet the procedural requirements for a successive § 2255 motion because: (1) Mr. James cannot use Johnson to satisfy the requirements of his successive habeas petition; (2) Mr. James cannot rely on Rehaif to satisfy the requirements of his successive habeas petition; and (3) Mr. James cannot invoke the All Writs Act as an alternative means for relief.

9

## IV. Conclusion

For the foregoing reasons, Mr. James' § 2255 motion as amended is procedurally barred and therefore DENIED. Mr. James' request to invoke the All Writs Act as an alternative source of relief is also DENIED.

Finding that Mr. James has not made a substantial showing of a denial of a constitutional right, no certificate of appealability will be granted.  Because any appeal from the Court's order would not be taken in good faith, permission to proceed in forma pauperis for purposes of an appeal is denied.

Chambers will mail a copy of this order to Mr. James.  The Clerk of the Court is directed to mark the action closed and all pending motions denied as moot.

SO ORDERED.

Dated: July 7, 2020
       New York, New York

```
                                    _____
                                    LORETTA A. PRESKA
                                    Senior U.S. District Judge
```